BEATREME FOOD
INGREDIENTS, INC.

v.

A. Robert BECKRICH, et al.

Civ. No. S 89–1631.

United States District Court,
D. Maryland.

Sept. 12, 1989.

James D. Skeen, Wright, Constable & Skeen, Baltimore, Md., for plaintiff.

Breckinridge L. Willcox, U.S. Atty., D. Md. and Roann Nichols, Asst. U.S. Atty., Baltimore, Md., for defendants.

## MEMORANDUM

SMALKIN, District Judge.

This is a case involving an unlikely victim of the War on Drugs, specifically, 767 twenty-five pound cartons of dehydrated, dried banana flakes. The damaged goods were part of two 2800–carton shipments of flakes from Panama. The goods were shipped with clean ocean bills, and unloaded without exception at Locust Point in Baltimore, where they were inspected by United States Customs before being received by the inland carrier. The inland carrier received the shipments without exception and delivered them to the consignee's warehouse, where arrival inspections showed that the 767 cartons were riddled with "bullet holes." It is apparently uncontroverted that these "bullet holes" resulted from poking the cartons with probes during the Customs inspection to check for the presence of contraband drugs among the banana flakes. The punctured cartons' contents were rendered unfit for human consumption and had to be destroyed, with a loss to plaintiff of $37,000.00.

These facts are undisputed, and the case is now the subject of a motion to dismiss by defendants. No oral hearing is deemed necessary.

Recognizing that no action could be brought against the individual Customs officers involved absent an allegation of constitutional violation, *see* 28 U.S.C. § 2679(b) (1982), as amended by Pub.L. No. 100–694, 102 Stat. 4563 (1988), plaintiff claims that its due process rights were violated by the allegedly negligent fashion in which its products were inspected for contraband in the Port of Baltimore. For the purposes of this motion, the Court will assume that the inspection was, in fact, negligent, in that an inspection done with reasonable care would have avoided damaging the product so severely as to render it unsalable. There is no claim that Customs officers intentionally damaged the cargo.

The Court is of the opinion that plaintiff's constitutional claim is foreclosed by the Supreme Court's decision in *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). A state actor who negligently destroys a citizen's property has not deprived that person of the right to due process of law. The Court is aware of the fact that several Justices' opinions in *Daniels* and in *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), criticize the holding in *Daniels* respecting negligence claims, but that holding is nonetheless clear, and it must be followed by this Court. Plaintiff argues that the legislative history of the 1988 amendments to the Federal Tort Claims Act, Pub.L. 100–694, shows a Congressional intent to broaden the scope of constitu-

tional torts to include negligence. Unfortunately for plaintiff, Congress cannot overrule the Supreme Court's interpretation of the Constitution. Therefore, *Daniels v. Williams* is controlling, and plaintiff's complaint fails to state a claim upon which relief can be granted.

An order granting defendant's motion to dismiss will be entered separately.